IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v.

AARON DAVID AMAYA

NO. 5:20-CR-104-H

# FACTUAL RESUME

In support of Aaron David Amaya's plea of guilty to the offense in Count One of the Indictment, Amaya, the defendant, Michael Lowe, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 2252(a)(4)(B), that is, Possession of Child Pornography, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed one or more books, magazines, periodicals, films, videotapes, or other matter that contained any visual depiction of a minor engaging in sexually explicit conduct, as alleged in the indictment;

*Second.* That the items were produced using material that had been mailed, shipped, or transported by any means of or in or affecting interstate or foreign commerce, including by computer;

*Third.* That the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

*Fourth.* That such visual depiction was of a minor engaged in a sexually

[1] Fifth Circuit Pattern Jury Instruction 2.85B (2019).

explicit conduct; and

*Fifth.* That the defendant knew that such visual depiction was of sexually explicit conduct and that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

## STIPULATED FACTS

1. Aaron David Amaya ("defendant") admits and agrees that from in or about December 2019, to on or about July 15, 2020, in the Lubbock Division of the Northern District of Texas, and elsewhere, he did knowingly possess at least one matter which contained any visual depiction that was mailed, shipped, or transported using any means or facility of interstate or foreign commerce, or was produced using material that had been mailed, shipped, or transported by any means of interstate or foreign commerce, including by computer, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

2. Between December 2019, and May 2020, the National Center for Missing and Exploited Children received six separate cyber-tips indicating an individual at an IP address in Lubbock, Texas, was uploading child pornography through online peer-to-peer file sharing networks. At least an image of child pornography was uploaded from this IP address. The cyber-tips were forwarded to the Lubbock Police Department (LPD). LPD officers obtained the subscriber information for the internet account associated with the identified IP address. The IP address was determined to belong to an individual living on 64th Street in Lubbock, Texas, in the Lubbock Division of the Northern District of Texas.

3. Further investigation by LPD revealed that the defendant resided at the residence on 64th Street. On July 14, 2020, LPD and the Federal Bureau of Investigation (FBI) conducted a search of the 64th Street residence and spoke to the defendant. The defendant admitted he viewed child pornography on several websites online and possessed the child pornography on his cell phone.

4. During the interview, the defendant was shown five of the images that were associated with the defendant's peer-to-peer upload that depict minor females displaying their genitals in a lascivious manner. These images are child pornography as defined in 18 U.S.C. § 2256(8). Amaya admitted to viewing and possessing these images. He stated he believed the girls in these images were roughly 13 or 14 years old. Amaya acknowledged he should not have accessed, viewed, and saved the images of child pornography.

5. The defendant admits that he knowingly possessed a black Apple 11 Pro Max IPhone with a black case, serial number G6TZHHT3N70H, and an Apple IPad Pro, serial number DMPXRGMRKD 6L, that contained a visual depiction of a minor engaging in sexually explicit conduct, as alleged in the indictment. The defendant admits the images were produced using material that had been mailed, shipped, or transported by any means of, or in or affecting interstate or foreign commerce, including by a computer. The defendant admits that the production of the visual depictions involved the use of a minor engaging in sexually explicit conduct and that such visual depictions were of a minor engaging in such conduct. And the defendant admits that he knew such visual depiction was of sexually explicit conduct involving at least one minor.

6. Aaron David Amaya agrees that the he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 23rd day of September, 2020.

ERIN NEALY COX
UNITED STATES ATTORNEY

AARON DAVID AMAYA
Defendant

CALLIE WOOLAM
Assistant United States Attorney
Texas State Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806-472-7564
Facsimile: 806-472-7394
E-mail: callie.woolam@usdoj.gov

MICHAEL LOWE
Attorney for Defendant